**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-4748

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MICHELLE HEBRON, a/k/a Michelle Hell, a/k/a BG,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore. William D. Quarles, Jr., District Judge.
(1:08-cr-00086-WDQ-16)

Submitted:  July 21, 2011          Decided:  August 11, 2011

Before KING and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Raymond J. Rigat, Washington, D.C., for Appellant. Rod J.
Rosenstein, United States Attorney, Christopher M. Mason,
Special Assistant United States Attorney, OFFICE OF THE UNITED
STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michelle Hebron appeals her conviction and 360 month sentence on one count of conspiracy to participate in a racketeering enterprise in violation of 18 U.S.C. § 1962. Hebron, who pled guilty to the offense, raises three claims of error on appeal. First, she alleges that the district court abused its discretion when it failed to conduct a competency hearing. Second, she claims that the district court abused its discretion when it accepted her guilty plea. Finally, she contends that the district court abused its discretion when it denied her motion to withdraw her guilty plea prior to sentencing. Finding no merit in Hebron's contentions, we affirm for the reasons that follow.

## I. Competency Hearing

Neither Hebron nor the government requested a competency hearing at any point in the proceedings before the district court. A district court shall sua sponte order a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. §4241(a). This court has noted that "[i]n determining

2

whether there is reasonable cause to order a competency hearing, a trial court must consider all evidence before it, including evidence of irrational behavior, the defendant's demeanor at trial, and medical opinions concerning the defendant's competence." United States v. Mason, 52 F.3d 1286, 1290 (4th Cir. 1995). We review a district court's failure to sua sponte order a competency hearing for abuse of discretion. United States v. Banks, 482 F.3d 733, 742 (4th Cir. 2007).

Here, Hebron is unable to point to examples of irrational behavior, a demeanor that raised questions regarding her competence, medical opinions addressing her competence, or any other evidence that would give rise to reasonable cause to believe that she failed to comprehend the nature of the proceedings against her or was unable to assist in her own defense. Because Hebron fails to show reasonable cause that would require the district court to order a competency hearing, we refuse to find that the district court abused its discretion in failing to do so.

During the Rule 11 colloquy, the district judge asked questions to determine whether Hebron was capable of understanding the proceedings and the plea agreement. Specifically, the judge ensured that Hebron understood the English language and understood the nature of the charge to which she was pleading guilty and the maximum possible

3

penalties. After Hebron made the district judge aware of her mental health history of schizophrenia and hallucinations, the judge carefully ensured that Hebron was taking her medications nightly as prescribed, and determined that she had taken her prescribed doses the night previous. The judge also asked questions of Hebron's attorney regarding his interactions with Hebron. Hebron's attorney stated that he had met with Hebron nine times and had at least five phone calls with her and assured the judge that Hebron had not said or done anything to raise concerns about her ability to understand the proceedings.

Hebron's attorney noted that he had promised Hebron that he would request a medical evaluation prior to sentencing. Although Hebron's attorney requested that the judge order a medical evaluation prior to sentencing, her attorney did not raise any questions or concerns regarding Hebron's competency to enter into a plea agreement. While the decision by Hebron's attorney to request a medical evaluation prior to sentencing and not to request a competency hearing despite his knowledge of her mental health history is not dispositive, it does provide a strong indication that Hebron's attorney did not have doubts about Hebron's competency.

In Mason, we found that the district court had abused its discretion in failing to order a competency hearing where the court had before it evidence of Mason's pre-trial suicide

4

attempt, initial medical reports raising concerns about the defendant's competence, and affidavits from Mason's counsel attesting to Mason's doctors' belief that Mason was incompetent. 52 F.3d at 1293. The court there found that the facts "clearly gave rise to reasonable cause to believe the defendant may have been incompetent" and remanded for a retrospective determination of Mason's competence. Id. Here, unlike in Mason, there is no medical evidence of incompetency and no evidence raising questions concerning Hebron's ability to understand what was happening.

The responses of Hebron and her attorney during the colloquy demonstrate that she was capable of consulting with her attorney and understood the nature of the proceedings against her. See United States v. General, 278 F.3d 389, 395-96 (4th Cir. 2002) ("The test for determining competency is whether '[a defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . and whether he has a rational as well as a factual understanding of the proceedings against him.'") (citations omitted) (alterations in original). Hebron fails to show that reasonable cause existed to raise doubts about her competency to enter into a guilty plea, and we reject her claim that the district court abused its discretion by failing to order a competency hearing prior to accepting her plea.

## II. Acceptance of Plea

In addition to her procedural claim that the district court abused its discretion in failing to conduct a competency hearing, Hebron also raises a substantive competency claim. A defendant raising a substantive claim that he was not competent to be convicted "must demonstrate his incompetency by a preponderance of the evidence." Beck v. Angelone, 261 F.3d 377, 388 (4th Cir. 2001). The test for determining competency, as set forth by the Supreme Court, is whether a defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as a factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960) (internal quotation marks omitted). We review a district court's determination that a defendant is competent to enter a guilty plea for abuse of discretion. United States v. Moussaoui, 591 F.3d 263, 291 (4th Cir. 2010).

Hebron argues that the district court violated her substantive due process rights when it accepted her plea despite having been made aware of her long-term mental illness, the fact that she was taking several psychotropic medications at the time of her plea, and the fact that her attorney had requested a medical evaluation during the plea colloquy. This court has explained, however, that "'[n]ot every manifestation of mental

6

illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges.'" Burket v. Angelone, 208 F.3d 172, 192 (4th Cir. 2000) (quoting United States ex rel. Foster v. DeRobertis, 741 F.2d 1007, 1012 (7th Cir. 1984)). In addition, we have emphasized that "the fact that the petitioner has been treated with anti-psychotic drugs does not per se render him incompetent to stand trial." Id. Moreover, the fact that Hebron's attorney requested a medical evaluation weighs against Hebron's claim here, as her attorney specifically requested an evaluation prior to sentencing, a strong suggestion that he intended to use the results to present mitigating circumstances at sentencing and was not concerned with competency issues at the time of the plea. Hebron's reliance on her mental illness to support her substantive competence claim fails to demonstrate an abuse of discretion by the district court in accepting her plea, particularly in light of the extensive inquiry into the voluntariness and intelligence of her decision by the district court.

As discussed in detail supra, the district court here conducted a thorough Rule 11 colloquy. There is nothing in the record to reflect that Hebron was unable to communicate effectively with her attorney or that she failed to understand the consequences of her guilty plea. Among the issues

7

established during the plea colloquy and while Hebron was under oath included the following:

(1) That Hebron was satisfied with the representation of her counsel;

(2) That Hebron understood the elements of and maximum penalties for the crime to which she was pleading guilty;

(3) That Hebron understood she had the right to plead not guilty, but that by pleading guilty she was foregoing certain rights, including the right to a jury trial;

(4) That Hebron's decision to plead guilty was not the result of any threats or promises and was the result of her own free will and because she was guilty;

(5) That Hebron agreed that she had read and agreed to the terms of the plea agreement and the stipulated facts attached to it.

Throughout this colloquy, the district judge had an opportunity to observe Hebron's demeanor and tone in response to these questions before deciding to accept her plea as knowing and voluntary. In Beck, we refused to disturb the trial court's conclusion that the defendant was competent to plead guilty. 261 F.3d at 383, 392. In that case, the trial court relied upon an extensive plea colloquy during which the defendant was "clear and responsive" in expressing his understanding of the nature of the charges against him, his waiver of certain rights by

8

entering a guilty plea, and the voluntariness of his decision. Id. at 388. Moreover, Beck did "nothing to lead his counsel or the state trial court to question his competency" and none of the mental health experts that examined him "indicated that Beck was incompetent to stand trial or assist in his defense." Id. at 388-89. Similar facts obtain here, and the district court thus acted well within its discretion in concluding Hebron was competent to enter a guilty plea.

III. Denial of Motion to Withdraw Plea

This court reviews a district court's denial of a motion to withdraw a plea for abuse of discretion. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). A defendant is permitted to withdraw a guilty plea if she can "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). We have instructed district courts to consider six factors in determining whether a defendant has met this burden: (1) whether the defendant has offered credible evidence that her plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted her legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion to withdraw the plea; (4) whether the defendant has had the close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6)

whether it will inconvenience the court and waste judicial resources. <u>Moore</u>, 931 F.2d at 248.

Prior to sentencing, Hebron sent several letters to the court requesting leave to withdraw her guilty plea. In her first three letters, Hebron wrote that her decision to enter a guilty plea had been based on a "misunderstanding," claiming her attorney had told her the sentencing range in the plea agreement was 200-260 months. Hebron claimed she would have not have agreed to the plea if she had known her sentencing range was 300-360 months. In her fourth letter to the court, Hebron acknowledged that the sentencing range she had agreed to was 300-360 months, but claimed she was not responsible for Moore's murder and requested a more lenient sentence. During her sentencing hearing, Hebron's attorney raised the issue of Hebron's desire to withdraw her plea, though he stated his understanding that she wished to withdraw her motion to withdraw her plea. Upon questioning by the district judge, however, Hebron reiterated her wish to withdraw her plea and go to trial. When the district court judge asked Hebron if she had anything to add to the reasons provided in her letters to the court in support of her motion, Hebron stated that she had "nothing else to say besides what I wanted to in the letters."

The district court denied Hebron's motion, setting out the reasons for its denial in a Memorandum Opinion dated June 28,

10

2010. Applying the legal standard set forth in Moore, the district court concluded that the third factor—the extent of delay between the plea and the motion—weighed in Hebron's favor, but noted that "the other factors militate against permitting withdrawal." With respect to the first Moore factor, the district court found that Hebron had not offered any evidence to show that her plea was not knowing or voluntary, refusing to credit Hebron's claim that she did not know the actual sentencing range was 300-360 months in light of the text of the agreement and the fact that both she and her attorney signed it. The district court found that Hebron failed to credibly assert her innocence—the second Moore factor—noting that her final letter "neither contradicts the stipulated facts establishing her guilt nor offers evidence supporting her innocence." The district court also weighed the fourth Moore factor against Hebron, finding that Hebron "had the close assistance of competent counsel, who has shown exemplary patience and skill in dealing with her" and noting that Hebron herself expressed satisfaction with her attorney's services during her rearraignment. Because allowing Hebron to withdraw her plea would require her inclusion in yet another trial group from the multi-defendant indictment, the district court also counted the fifth and sixth Moore factors against Hebron, concluding that granting Hebron's motion would "prejudice the Government and

inconvenience the Court." The district court concluded that Hebron had failed to meet her burden of demonstrating a "fair and just reason for withdrawing her plea" and denied the motion.

On appeal, Hebron contends that the district court abused its discretion when it denied her motion to withdraw her guilty plea because it improperly weighed the fourth, fifth, and sixth Moore factors against her and because it failed to take into account the effects of her mental illness on the intelligence and voluntariness of her plea. Because Hebron's arguments are not supported by the facts in the record, she fails to show that the district court abused its discretion in denying her motion.

Hebron argues that the evidence of her mental illness presented before the district court suggested a "strong possibility" that her plea was not knowing or voluntary. Br. of Appellant 22-23. She contends that the nature of her illness, the medications she was prescribed, and the quality of her letters to the court should have suggested to the district court that she was not competent to enter a guilty plea or to be sentenced. However, as discussed in more detail supra, Hebron's claims of incompetence are not borne out by the record, and the district court conducted a thorough Rule 11 colloquy to ensure Hebron understood the nature and consequences of her plea before deciding to accept it. Moreover, even after Hebron underwent a full medical evaluation prior to sentencing, her attorney did

12

not raise questions regarding her competency, limiting his use of the results to argue that Hebron's history and mental illness "does weigh on what type of sentence she should be receiving." Accordingly, the district court properly weighed the first factor against Hebron.

Hebron suggests on appeal that her mental illness should count in her favor with respect to the second Moore factor, noting that the "history and extent of her illness also begs the question whether Hebron was legally guilty of the crime charged by reason of insanity." Br. of Appellant 23. This contention is without merit. Not only did Hebron's trial counsel not raise any concerns regarding Hebron's competency before the trial court, but, as the government points out, Hebron stipulated to facts that suggest she was able "to appreciate the nature and quality or the wrongfulness of [her] acts." Br. of Appellee 37, n.10 (quoting 18 U.S.C. §17 (codifying requirements of insanity defense)). The second Moore factor does not weigh in favor of Hebron's motion.

Arguing that there was a "breakdown in communication" with her attorney, Hebron also contends that she "may not have had the close assistance of counsel." Br. of Appellant 23. In support, Hebron points to the fact that her attorney thought Hebron intended to withdraw her motion to withdraw her plea at her sentencing hearing, Hebron's complaints to the district

13

court regarding the "misunderstanding" she had with her attorney regarding the sentencing range in the plea agreement, and the fact that her attorney failed to request a competency hearing prior to Hebron's entering into a plea agreement. However, the record also includes evidence of Hebron's cooperation and satisfaction with her trial counsel. During the Rule 11 colloquy, Hebron expressed her satisfaction with her attorney's representation. In her final letter to the district court, Hebron recanted her statement that her attorney had misrepresented the sentencing range in the plea agreement. Moreover, during the sentencing hearing, Hebron's attorney stated that her decision to attempt to withdraw her plea was "different," but denied that he was surprised by her choice. On balance, it simply cannot be said that the district court abused its discretion in weighing this factor against Hebron's request to withdraw her plea.

Finally, Hebron argues that the district court improperly weighed the fifth and sixth Moore factors against her because there was a group of her co-defendants already scheduled to go to trial in December 2010. This argument fails to appreciate the need for the government to allocate additional resources to the December trial if Hebron were to be included in the group of defendants and the need for the trial court to cope with additional evidence and witnesses, but it is unclear how

14

strongly these factors weigh against Hebron. Nonetheless, taken together, the <u>Moore</u> factors do not provide Hebron with a "fair and just" reason for withdrawing her plea, and the district court did not abuse its discretion when it denied her motion to withdraw her plea.

## IV. Conclusion

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>